IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Hernandez,<br><br>  Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>  Respondents. | No. CV 05-3355-PHX-JAT (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court dismiss the Petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2000, a jury sitting in Maricopa County Superior Court, Phoenix, Arizona, found Petitioner guilty of six felony drug charges as follows:  Count 1, Transfer of Dangerous Drugs; Count 2, Sale of Dangerous Drugs; Count 3, Sale of Marijuana; Count 4, Offer to Sell Dangerous Drugs; Count 5, Offer to Sell Marijuana; and Count 6,

Transportation of Marijuana for Sale. (Answer p.2 & Ex. J)  On September 29, 2000, Petitioner was sentenced to the presumptive term of 5 years each for Counts 1, 2, 4 and 5; the presumptive term of 3.5 years for Count 3; and the aggravated term of 10 years for Count 6.  (Answer, pp.2-3 & Ex. K)  The trial court ordered that all sentences were to run concurrently.  (Id.)  Petitioner filed a direct appeal of his conviction which was denied on August 30, 2001.  (Answer, p.3 & Ex. R) The mandate was issued on October 16, 2001. (Answer, Ex. S)

On November 30, 2001, Petitioner, through counsel Mr. Gene Stratford, filed a notice of post-conviction relief.   (Answer, Ex. U)   On February 11, 2002, Petitioner's counsel requested an extension of time to file the petition for post-conviction relief.  (Answer, Ex. W) On March 19, 2002, the trial court granted such request.  (Answer, Ex. X)  On May 3, 2002, the trial court dismissed the proceeding because no petition was ever filed. (Answer, Ex. Y)

On April 21, 2003, Petitioner, acting *pro se* filed a second notice of post-conviction relief.  (Answer, Ex. Z) Therein, Petitioner stated that he had retained Mr. Stratford  to file a supplemental brief during the direct appeal[1]; Mr. Stratford visited Petitioner in prison to discuss "possible issues Mr. Stratford had found in the trial transcripts"; Petitioner's wife visited Mr. Stratford at his office and paid part of his fee; Petitioner never heard from Mr. Stratford again; Petitioner "wrote to [Mr.] Stratford most recently in October, 2002. [Petitioner] would now like to pursue a Rule 32..." post conviction proceeding.  (Id.) Petitioner did not file a petition for post-conviction relief.

On July 18, 2003, Petitioner filed another notice of post-conviction relief with the trial court.  (Answer, Ex. AA)  Petitioner stated that he filed a notice of post-conviction relief "two months ago.  He received a stamped copy from the court showing it had been received.

---

[1]The record reflects that Petitioner was represented by Mr. Stephen R. Collins during his direct appeal. (*See* Petition, p.4; Answer, Ex. M, N, Q)

He has not heard from the court or an attorney since that time. Please advice [sic] petitioner as to the status of that notice or appoint an attorney to aid in his post-conviction relief." (Id.)

On August 11, 2003, the trial court dismissed Petitioner's "Notices of Post-Conviction Relief, filed on April 21, 2003 and July 18, 2003."  (Answer, Ex. BB) The court noted that a prior post-conviction proceeding had been dismissed and stated:

> Defendant claims that he should be allowed to file this untimely notice because he thought an attorney would assist him in preparing the *pro se* petition in his first Rule 32 proceeding, but the attorney did not assist. Rule 32.1(f), Arizona Rules of Criminal Procedure, allows an untimely "notice of post-conviction relief of-right or notice of appeal" to be filed if a defendant shows that the failure to timely file was "without fault on the defendant's part." Defendant's notice is not "of right" because he has had his direct appeal to the Arizona Court of Appeals. Defendant is not entitled to any relief under Rule 32.1(f).

(Answer, Ex. BB)

On December 9, 2003, the Arizona Court of Appeals denied Petitioner's petition for review of the trial court's decision because such petition for review was untimely filed. (Answer, Ex. CC)

On July 25, 2005, Petitioner filed a motion for a new trial. (Answer, Ex. DD) On August 29, 2005, the trial court construed Petitioner's motion as a notice of post-conviction relief and held that Petitioner's claims advanced in his motion were precluded because such claims "either were or should have been raised on direct appeal." (Answer, Ex. EE)

Petitioner, who is confined under the custody of the Arizona Department of Corrections at the Diamondback Correctional Facility in Watonga, Oklahoma, signed the Petition filed herein on October 6, 2005. The docket reflects that the Petition was filed with the Court on October 21, 2005. A petition is deemed filed when handed by the inmate to a prison official for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988). The Court deems the Petition commencing this action as filed on October 6, 2005. *See id.*

On February 8, 2006, Petitioner filed an Amended Petition for Writ of Habeas Corpus naming the Assistant Attorney General assigned to this case, Ms. Cari McConeghy-Harris as a Respondent in place of Ms. Dora Schriro, the Director of the Arizona Department of

Corrections under whose custody Petitioner is confined. Petitioner did not indicate that a copy of the Amended Petition was sent to Respondents.

On March 10, 2006, Respondents filed their Answer to Petitioner's October 2005 Petition. Respondents argue that the Petition is untimely filed and, alternatively, that some of Petitioner's claims do not raise cognizable federal claims and that all of Petitioner's claims are procedurally defaulted thus barring this Court's review. Petitioner did not file a traverse. Given that Petitioner did not file a traverse, the Court granted Petitioner leave to file a brief addressing why his Petition should not be dismissed as untimely in light of Respondents' argument that the AEDPA statute of limitations bars Petitioner's action. (July 28, 2006 Order) Petitioner did not file any brief pursuant to the Court's July 28, 2006 Order.

## II.    DISCUSSION

### A.  Petitioner's Amended Petition

On February 8, 2006, Petitioner filed an Amended Petition substituting the Assistant Attorney General defending this case in place of Dora Schriro who is the Director of the Arizona Department of Corrections and under whose custody Petitioner is confined. A petitioner for habeas relief must name the state officer having custody of him as the respondent to the petition. *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994)). *See also* 28 U.S.C. § 2243 (a writ of habeas corpus must be "directed to the person having custody of the person detained."); 28 U.S.C. § 2242 (a petition for writ of habeas corpus must allege "the name of the person who has custody over" the petitioner). Directors of corrections, such as Dora Schriro who is named in Petitioner's original Petition, have long been held to satisfy the requirement that a respondent be a person having custody of the petitioner. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name the proper respondent deprives the court of personal jurisdiction over the custodian. *Id.*

Review of the Amended Petition reflects that Petitioner did not serve Respondents with the document despite the Court's October 28, 2005 Order directing Petitioner to serve

Respondents' counsel with "a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondent or counsel." (October 28, 2005 Order, pp. 2-3)  Because Petitioner's Amended Petition names an improper respondent, *i.e.,* Ms. McConeghy-Harris, and because Petitioner failed to serve Respondents' counsel with a copy of the document as ordered by the Court, the Magistrate Judge recommends that the District Court strike Petitioner's February 8, 2006 Amended Petition. Such action is also appropriate in the instant case because any amendment of the petition would be futile in light of the fact that Petitioner's action is barred by the statute of limitations as discussed *infra* at pp. 6-9.

### B.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." *Malcom v. Payne,* 281 F.3d 951,955 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)). The AEDPA provides that

> [t]he limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1)(A)-(D).

The statute of limitations may be statutorily or equitably tolled. *Malcom*, 281 F.3d at 955.  The limitations period is statutorily tolled when a "properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Equitable tolling may apply where the petitioner establishes that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Mendoza v. Carey,* 449 F.3d 1065, 1071 n.6 (9th Cir. 2006).

### 1. Statutory Tolling

Respondents correctly assert that Petitioner's case became final on direct review on October 1, 2001, the date when the time for filing a petition for review of Petitioner's direct appeal to the Arizona Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1)(A) (limitations period runs from expiration of time for seeking review); Ariz. R.Crim.P. 31.10 (petition for review must be filed within thirty days after appellate court's ruling). Therefore, under the AEDPA, absent any tolling, Petitioner had one year from October 2, 2001 to file his federal petition for writ of habeas corpus. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (Fed.R.Civ.P. 6(a) applies to time computations under section 2244 and thus the day of the act, event, or default from which the designated period of time begins to run shall be excluded from time computation).

The AEDPA statute of limitations is statutorily tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See also Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001). On November 30, 2001, Petitioner, through counsel, filed his first notice of post-conviction relief with the state court. (Answer, Ex. U) Pursuant to section 2244(d)(2), such notice tolled the statute of limitations until completion of the state post-conviction relief proceeding on May 3, 2002. *Isley v. Department of Corrections,* 383

---

[2]The Arizona Court of Appeals issued its decision on August 30, 2001. The time to seek review of that decision expired thirty days later on September 29, 2001. Because September 29, 2001 fell on a Saturday, Petitioner had until the following business day, Monday, October 1, 2001, in which to seek review.

- 6 -

F.3d 1054, 1055-1056 (9th Cir. 2004) (one-year limitations period under AEDPA was tolled once petitioner filed notice of post-conviction relief that was required under Arizona law to commence such proceedings). Thus, 59 days of the limitations period elapsed between October 2, 2001–the day the AEDPA statute of limitations commenced– and November 30, 2001–the day Petitioner filed his notice of post-conviction and statutory tolling began.[3] *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (petitioner is not entitled to tolling during the time between the conclusion of the direct appeal process and the filing of his first state petition for collateral review).

Following the May 3, 2002 dismissal of petitioner's post-conviction relief proceeding, the statute of limitations period resumed. Petitioner had 306 days remaining, or until March 5, 2003, to file his federal habeas petition.

Petitioner filed a second notice of post-conviction relief on April 21, 2003–such date was outside the March 5, 2003 AEDPA statute of limitations deadline. (Answer, Ex. Z) Petitioner's second post-conviction relief proceeding was ultimately dismissed on August 11, 2003 as untimely. (Answer, Ex. BB) Petitioner's second post-conviction relief proceeding was filed after expiration of the AEDPA statute of limitations for initiating federal habeas action. A state post-conviction relief proceeding filed after the AEDPA's statute of limitations period has no effect whatsoever on the statute of limitations calculation because such state action can neither revive the limitations period nor toll the already-expired period. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez,* 276 F.3d at 482 (where petitioner filed his state post-conviction relief proceeding "well after the AEDPA statute of limitations ended...[t]hat delay resulted in an absolute time bar to refiling..."); *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a

---

[3]Such calculation does not include November 30, 2001 because the statute was tolled on that day by the filing of Petitioner's notice of post-conviction relief.

statute of limitations.") For these same reasons, Petitioner's July 25, 2005 motion for a new trial, which the state court construed as a notice of post-conviction relief and dismissed as untimely, has no bearing on the AEDPA statute of limitations . (Answer, Ex. DD, EE) Thus, Petitioner's October 6, 2005 Petition was filed well-after the March 5, 2003 expiration of the AEDPA statute of limitations herein.

### 2.  Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418; *see also Mendoza,* 449 F.3d at 1071 n.6. " [T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza,* 449 F.3d at 1068 (citation omitted).

The Court gave Petitioner the opportunity to file a supplemental brief to address the issue of the statute of limitations. (July 28, 2002 Order) Petitioner did not file such a brief. Review of the record suggests that equitable tolling could possibly apply to Petitioner's first petition for post-conviction relief given his assertion in a subsequently filed post-conviction relief proceeding that he had retained the attorney who had filed the first notice of post-conviction relief and, despite writing to the attorney, never heard from him again. (Answer, Ex. Z) However, if such an event equitably tolled the statute of limitations herein, the tolled period would have expired  upon the May 3, 2002 dismissal of the first petition for post-conviction relief.  At that time Petitioner was notified of the dismissal and was aware that his attorney had not filed the petition. This tolled period coincides with the statutory tolling permitted under section 2244(d)(2) and does not change the statute of limitations calculation discussed *supra* at pp. 6-8.

Were the record construed to support the conclusion that Petitioner is entitled to equitable tolling until after resolution of his second post-conviction relief proceeding wherein he raised his attorney's alleged failure to prosecute the first petition for post-conviction

relief,[4] Petitioner would have had 306 days after the December 9, 2003 dismissal of the second proceeding to seek federal habeas relief, *i.e.,* until October 11, 2004. Petitioner filed the instant Petition almost two years (666 days) after the December 9, 2003 dismissal of his second post-conviction relief proceeding.

Nor does Petitioner's lack of legal background on the instant record alone, support a finding of equitable tolling. *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")

Petitioner's Petition herein is untimely filed and cannot be revived on the established record because Petitioner has failed to carry his burden of establishing equitable tolling. Therefore, Respondents are correct that the Petition is barred by the AEDPA statute of limitations.

## III.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court strike Petitioner's February 8, 2006 Amended Petition (Doc. No. 16) and deny Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) as untimely.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-3355-PHX-JAT.** A party may respond to another party's objections within ten days after being served with a copy thereof.  *See* Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

---

[4]Such construction is extremely unlikely given that Petitioner has failed to establish that he diligently pursued his rights between the dismissal of his first post-conviction relief proceeding and the initiation of his second post-conviction relief proceeding.

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 25th day of October, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge